UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CENIOUS BREWSTER,

    Plaintiff,

    v.

ROLD,

    Defendant.

Case No. 16-cv-01447-KAW  (PR)

**ORDER SERVING COGNIZABLE CLAIM**

Plaintiff Cenious Brewster, a state prisoner incarcerated at the San Francisco County Jail, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by Sheriff's Deputy Rold, Badge No. 2087. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff's motion for leave to proceed *in forma pauperis* is granted in a separate order. The Court now reviews Plaintiff's complaint.

**DISCUSSION**

**I. Preliminary Review of Complaint**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. Corrections & Rehabilitation*, 756 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

**II. Plaintiff's Claims**

Plaintiff alleges that, on January 15, 2016, he was assaulted by Defendant Deputy Rold during a strip search. Rold slammed Plaintiff's head into a concrete glass wall in the staff bathroom. Since he was slammed into the wall, Plaintiff suffers from migraine headaches every day.

Liberally construed, these allegations appear to state a cognizable Eighth Amendment excessive force claim against Deputy Rold.

**CONCLUSION**

Based on the foregoing, the Court orders as follows:

1. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1), and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to San Francisco Sheriff's Deputy Rold, Badge No. 2087.</u>  This form can also be found at www.cand.uscourts.gov/civilforms.  The Clerk shall also mail a copy of the complaint and a copy of this Order to the San Francisco City Attorney's Office in San Francisco, and a copy of this Order to Plaintiff.

2. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure require him to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendant is advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant has been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

3. Defendant shall file his Consent or Declination to Magistrate Judge Jurisdiction on or before the date their answer is due.

4. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than <u>thirty</u> days from the date his answer is due, Defendant shall file a motion for summary judgment or other dispositive motion.  If Defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in

all respects to Federal Rule of Civil Procedure 56.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendant shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion.  If the motion is based on non-exhaustion of administrative remedies, Defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).  *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendant no later than <u>twenty-eight</u> days after the date on which Defendant's motion is filed.  The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come

forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

The same evidentiary requirement applies if the defendants file a motion for summary judgment for failure to exhaust administrative remedies. To oppose this motion, Plaintiff must present any evidence he may have which tends to show that he did exhaust administrative remedies or was excused from doing so. Again, the evidence may be in the form of declarations, that is statements of fact from himself or other witnesses signed under penalty of perjury, copies of documents accompanied by a declaration showing where they came from and why they are authentic, or discovery documents such as answers to interrogatories or depositions. In considering a summary judgment motion for failure to exhaust administrative remedies, the Court can decide disputed issues of fact with regard to this portion of the case. *See generally Albino*, 747 F.3d at 1172-73; *Stratton*, 697 F.3d at 1008.

c. Defendant <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

6. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline

1  sought to be extended.

3      IT IS SO ORDERED.

4  Dated: May 26, 2016

*/s/ Kandis Westmore*

KANDIS A. WESTMORE
United States Magistrate Judge